**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>A+ CONSTRUCTION, INC., dba PAVERSCAPES, A Nevada Corporation; SILVERSTAR ASSOCIATES, INC., A Nevada Corporation, dba SILVERSTAR COMMUNITIES AND SILVERSTAR DEVELOPMENT,<br><br>    Defendant(s)<br>_____<br>SILVERSTAR ASSOCIATES, INC., dba SILVERSTAR COMMUNITIES and CALIFORNIA TRADITIONS, INC., dba SILVERSTAR DEVELOPMENT, A Nevada Corporation,<br><br>    Cross-claimants,<br><br>vs.<br><br>A+ CONSTRUCTION, INC., dba PAVERSCAPES, A Nevada Corporation,<br><br>    Cross-Defendant.<br>_____ | 3:12-cv-00255-RCJ-WGC<br><br>**ORDER** |

  Before the court is Plaintiff American National Property and Casualty Company's "Emergency Motion to Compel." (Doc. # 15.) Plaintiff states its motion is made "pursuant to F.R.C.P. 34, F.R.C.P. 22 and F.R.C.P. 37(a)." The rationale for Plaintiff's motion to be characterized as an

"emergency" is "because discovery is set to close on December 18, 2012. . . ." (Doc. # 15 at 2.)

Federal Rules 34 and 33 which Plaintiff cites provide for the availability of certain types of discovery, namely, production of documents/information and interrogatories (respectively). Rule 37(a) provides a mechanism for compelling discovery responses. Rule 37(a) imposes the obligation or counsel to submit a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a), however, contains no component for "emergency relief."

Although not referred to in Plaintiff's motion, "emergency" motions in the United States District Court for the District of Nevada are governed by Local Rule 7-4. According to the rule, such motions must be accompanied by an affidavit setting forth the nature of the emergency, addresses and phone numbers of the affected parties and, similar to Rule 37(a), a description of movant's attempts to resolve the discovery dispute. However, the District's rule under 7-5(d)(3) imposes a somewhat more specific obligation on counsel and requires the movant to have undertaken "personal consultation" and a "sincere effort . . . to resolve the matter without court action."

Plaintiff's motion is not accompanied by the affidavit required by Local Rule 7-5(d)(3). Plaintiff's motion only provides a terse, three line description of counsel's attempts, approximately one week before the motion was filed, to resolve the discovery dispute:

> Undersigned counsel further certifies that on November 28, 2012, he attempted to discuss the matters with counsel and no satisfactory response could be given as to when, if ever, the compliance with discovery would be forth-coming."

(Doc. # 15 at 2.)

The description of the alleged "nature of the emergency" required by Local Rule 7-5(d)(1) was stated by counsel as follows:

> This Motion is an Emergency Motion because discovery is set to close on December 18, 2012, and absent action of this court, the discovery ay go unanswered without consequence.

(*Id*.) However, the characterization of the emergency was not set forth in the affidavit required by Local Rule 7-5(d) nor does Plaintiff provide the information required by Local Rule 7-5(d)(2), i.e., addresses and telephone numbers of affected parties.

2

The "meet and confer" requirement of Local Rule 7-5(d)(3) parallels similar requirements in the District's rule concerning discovery motions, i.e., Local Rule 26-7(b). Local Rule 26-7(b) states: "Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after *personal consultation* and sincere effort to do so, the parties have been unable to resolve the matter without Court action" (emphasis added). This Rule tracks nearly verbatim former Local Rule 190-1(f)(2), which "prohibited the consideration of a motion to compel unless a statement was attached certifying that 'after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve the matter.'" *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

In this case, Plaintiff's motion qualifies as a discovery motion governed by Local Rule 26-7(b), and because it is a purported emergency, Local Rule 7-5(d)(3) as well. Thus, the pertinent inquiry is whether Plaintiff complied with Local Rules 26-7(b) and 7-5(d)(3) prior to submission of this discovery motion. While the content of Plaintiff's motion provides a general statement Plaintiff has been unsuccessful in securing the attempted discovery, Plaintiff fails to specify with whom, when, or how the parties attempted to personally and meaningfully discuss the discovery dispute. As explained below, that does not constitute compliance with Local Rules 26-7 or 7-5(d)(3).

This case presents issues similar to those discussed in *Shuffle Master, Inc., supra.* There, the court held the movant failed to satisfy the meet and confer requirements of former Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, which required a party bringing a motion to compel discovery to "include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party."[1] *See Shuffle Master, Inc.*, 170 F.R.D. at 170 (citing FED. R. CIV. P. 37(a)(2)(B)) (emphasis deleted). In interpreting the meet and confer requirements of former FED. R. CIV. P. 37(a)(2)(B), the court drew close similarities with former Local Rule 190–1(f)(2) and found former FED. R. CIV. P. 37(a)(2)(B)'s express terms "encompass[ed] . . . [the District of Nevada's] successful certification requirements," due to the "successful experience of . . . [the District

---

[1] The language from this Rule appears to have been moved to subdivision (a)(1) of Rule 37. *See* FED. R. CIV. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.")

3

of Nevada] and other federal districts in resolving discovery disputes." *Id.* at 172. The court in *Shuffle Master, Inc.* essentially equated former FED. R. CIV. P. 37(a)(2)(B) with former Local Rule 190-1(f)(2). In fact, the court stated the FED. R. CIV. P. 37 certification requirement "should be interpreted from this historical perspective [concerning the District of Nevada's former Local Rule]." *Id*. Because Local Rule 190–1(f)(2) contains the same language as Rule 26-7(b), that court's analysis of former FED. R. CIV. P. 37(a)(2)(B) is directly applicable to the present case, which is governed by Local Rules 26-7(b) and 7-5(d)(3).

In *Shuffle Master, Inc.*, movant's attempts to comply with FED. R. CIV. P. 37's meet and confer requirements involved transmission of demand letters by fax and one telephone call to inform the plaintiff that the plaintiff's discovery responses were incomplete. *Id.* The court concluded these efforts did not constitute compliance with FED. R. CIV. P. 37. *Id.* The court explained "good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Id*. at 171. The court stated a satisfactory meet and confer must at least entail "a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position." *Id.* at 172.

Here, like the movants in *Shuffle Master, Inc.*, Plaintiff offers scant explanation of how they engaged in a personal or telephonic consultation with Defendant, as required by Local Rules 26-7(b) and 7-5(d)(3). In fact, Plaintiff has provided even less evidence than the movants in *Shuffle Master, Inc.* in this regard. Consequently, based on what is before the court, the court is unable to conclude Plaintiff's counsel conferred or attempted to personally confer in good faith with Plaintiff's counsel in a <u>sincere effort</u> to secure discovery. As the court stated in *Shuffle Master, Inc.*, "[Defendant]'s lack of good faith [or sincerity] is evident, not in the unreasonableness of its position, but rather by the inadequate means through which its counsel attempted to confer." *Id*. Accordingly, the court concludes Plaintiff has failed to comply with Local Rules 26-7(b) and 7-5(d)(3).

/ / /

/ / /

/ / /

Plaintiff's motion (Doc. # 15) is therefore **DENIED without prejudice.** Plaintiff will be permitted to refile its motion if the affidavit required by Local Rule 7-5(d) accompanies the motion.

Counsel for Plaintiff should be aware the court will closely scrutinize his efforts of personal consultation conducted in a sincere effort to resolve the discovery dispute without requiring court action. Local Rule 7-5(d)(3).

Conversely, counsel for Defendant should be aware FED. R. CIV. P. 37(a) requires the court to award a successful movant its reasonable expenses incurred in making the motion including attorneys fees. FED. R. CIV. P. 37(a)(5)(A).[2]

Although Plaintiff's motion is denied without prejudice, the court will calendar a status conference on this matter at which time the status of discovery will be addressed.

**IT IS SO ORDERED.**

DATED: December 7, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] The relevant exception to this Rule is that if the movant filed the motion "before attempting in good faith to obtain the disclosure or discovery without court action," then payment of such expenses shall not be awarded.