# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) | 3:12-cv-00255-RCJ-WGC |
| Plaintiff, | ) ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) ) | January 25, 2013 |
| A+ CONSTRUCTION, INC., *et al.,* | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>  Katie Lynn Ogden  </u>      REPORTER:   <u>              FTR              </u>

COUNSEL FOR PLAINTIFF:   <u>  W. Randolph Patton (Telephonically)              </u>

COUNSEL FOR DEFENDANT(S):   <u>  Christopher M. Keller (obo: A+ Construction) and  </u>

<u>Marisa A. Pocci (obo: Silverstar Associates, Inc.) (Both Telephonically)              </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**.

11:05 a.m.  Court Convenes.

The court and parties address plaintiff's Motion to Compel (Dkt #19) and defendant A+ Construction Motion to Withdraw as Attorney (Dkt. #26).

## I.  <u>Motion to Compel (Dkt. #19)</u>

The court expresses its concern that plaintiff has not provided defendant A+ construction with a list of specific discovery responses that remain outstanding.  In view of this concern, the court inquires as to what specific relief plaintiff is seeking with regard to its Motion to Compel (Dkt. #19).

Mr.  Patton respectfully request that an order be issued requiring defendant Construction A+ to provide full and complete answers to plaintiff's discovery requests; particularly, Interrogatory No. 11, which was left unanswered, and all of plaintiff's Request for Production of Documents.  Mr. Patton further requests that defendant's objections be waived and that the court set a deadline for the responses so that, should defendant fail to comply, plaintiff may seek further sanctions.

MINUTES OF PROCEEDINGS
3:12-cv-00255-RCJ-WGC
Date: January 25, 2013
Page 2
_____

      Mr. Keller explains to the court that he has had little or no communication with his client A+ Construction since September of 2012 (See Dkt. #26-1, Exhibit C).

      Mr. Patton further informs the court that he did not have any responses to discovery when he had filed the Motion to Compel.  However, Mr. Patton represents he has since received some discovery from Construction A+, but considers many of the responses to be inadequate and continues to request for full and complete answers as to all discovery.

      In view of Mr. Patton's representation and further elaboration of plaintiff's specific requests for discovery, plaintiff's Motion to Compel (Dkt. #19) is **GRANTED** to the extent A+ Construction shall respond to plaintiff's Request for Production of Documents within twenty **(20) days** or up to and including **Thursday, February 14, 2013**.  As to plaintiff's Interrogatories, this appears to be a matter of a meet and confer between parties before the court will entertain intervening.  However, in light of Mr. Patton's representation that Request for Interrogatory No. 11 was never answered whatsoever, the court orders that is be responded to no later than **Thursday, February 14, 2013**.  As to plaintiff's Request for Admissions, the court is not inclined to enter an order requiring further answers for requests for admissions.

      Finally, plaintiff's reply to defendant A+ Construction to the Motion to Compel (Dkt. #23), seeks the sum of $500.00 be paid by plaintiff for compensation for the necessity of having to bring the motion to compel.  Mr. Keller indicates that based on the financial concerns of defendant A+ Construction, he objects to any compensation that Mr. Patton is seeking.  The court explains, had Mr. Keller's client been cooperating in discovery, meeting with Mr. Keller and attempting to assist with moving this case forward, the court would have been more inclined to consider Construction A+ financial situation with regard to being ordered to pay compensation costs.

      Therefore, the court hereby awards compensation for plaintiff bringing forth the motion to compel in the amount of $500.00.  Defendant Construction A+ shall comply with this order within thirty **(30) days** from the date of this order or no later than **Monday, February 25, 2013**.

## II. <u>Motion to Withdraw as Attorney (Dkt. #26)</u>

      Mr. Keller further informs the court of his difficulty to adequately meet with his client to discuss this case and properly respond to discovery requested by defendant A+ Construction.  Mr. Keller requests that his Motion to Withdraw as Attorney be granted.

      Mr. Patton does not have any objection to counsel's motion to withdraw as attorney; however, Mr. Patton is concerned with the approaching discovery cut-off deadline and that the twenty (20) day deadline for defendant A+ Construction to respond to discovery will not allow

**MINUTES OF PROCEEDINGS**
3:12-cv-00255-RCJ-WGC
Date: January 25, 2013
Page 3
_____

plaintiff adequate time to review and respond if necessary.

The court explains that a corporation cannot represent itself in Federal Court; however, the court will allow Mr. Keller to withdraw as counsel for defendant A+ Construction. The court further notes that it appears that the motion to withdraw has been served properly on A+ Construction company's principal, Harold Hildebrandt. Therefore, defendant's Motion to Withdraw as Counsel (Dkt. #26) is **GRANTED** and Construction A+ has **twenty (20) days**, or up to and including **Thursday, February 14, 2013**, to secure counsel.

### III.  Discovery Deadlines

In view of the court grating plaintiff's motion to compel and because of the outstanding discovery disputes, the court is inclined to extend the discovery deadline. The court hereby extends the discovery deadlines as follows:

- Discovery Deadline: April 1, 2013;
- Dispositive Motions Deadline: April 15, 2013;
- Joint Pretrial Order Deadlines: April 30, 2013, unless the parties file dispositive motions which will not require a Joint Pretrial Order to be filed.

### IV.  Discussion regarding Deposition of Harold Hildebrandt

In light of Mr. Keller's representation that he has not been able to confirm whether his client will be present for the deposition scheduled for Saturday, January 26, 2013, in Reno, Nevada, and in light of the instructions from the client that it no longer wishes to retain Mr. Keller and his office as counsel and in light of Mr. Keller's Motion to Withdraw (Dkt. #26), the court suggests that the deposition be vacated at this time. The court urges Mr. Keller to advise his client of the new discovery response deadlines, the deadline to retain new counsel and that the deposition is vacated; however, he will be required for the deposition at a future date and time.

**IT IS SO ORDERED.**

11:41 a.m.  Court Adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk