# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>            Plaintiff,<br><br>  vs.<br><br>A+ CONSTRUCTION, INC., dba PAVERSCAPES, A Nevada Corporation; SILVERSTAR ASSOCIATES, INC., A Nevada Corporation, dba SILVERSTAR COMMUNITIES AND SILVERSTAR DEVELOPMENT,<br><br>            Defendant(s) | 3:12-cv-00255-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| SILVERSTAR ASSOCIATES, INC., dba SILVERSTAR COMMUNITIES and CALIFORNIA TRADITIONS, INC., dba SILVERSTAR DEVELOPMENT, A Nevada Corporation,<br><br>            Cross-claimants,<br><br>  vs.<br><br>A+ CONSTRUCTION, INC., dba PAVERSCAPES, A Nevada Corporation,<br><br>            Cross-Defendant. | |

Before the court is Plaintiff American National Property and Casualty Company's Motion to Compel/Motion for Sanctions (Doc. # 29). Plaintiff seeks an order sanctioning Defendant A+ Construction, Inc., dba Paverscapes (hereinafter "A+ Construction") for its continued failure to provide

verified answers to Interrogatories and produce documents requested in Requests for the Production of Documents. The court granted Plaintiff's earlier motion (Doc. # 19) to compel responses to this discovery at its hearing on January 25, 2013. (Doc. # 27.) No response to the second Motion to Compel/Motion for Sanctions (Doc. # 29) has been filed by Defendant.

Therefore, this Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge regarding Plaintiff's Motion to Compel/Motion for Sanctions..

## I. BACKGROUND

On January 25, 2013, a hearing was conducted to address numerous issues, including Plaintiff's Motion to Compel (Doc. # 19); a Motion to Withdraw (Doc. # 26) filed by Christopher M. Keller, Esq., and Pyatt Silvestri & Hanlon, as counsel for Defendant A+ Construction; the inability of Plaintiff's counsel to confirm the date and location for the deposition of Harold Hildebran, A+ Construction's registered agent, President, Secretary, Treasurer and Director; and an extension of the discovery deadline and related deadlines. As stated above, the Plaintiff's Motion to Compel (Doc. # 19) was granted and A+ Construction was ordered to provide a full and complete answer to Interrogatory No. 11, and to respond to the Requests for Production of Documents, by February 14, 2013. A discovery sanction of $500.00 was assessed and was to be paid by Defendant on or before February 25, 2013. (Doc. # 27.) The discovery deadline had to be extended because of the outstanding discovery from Defendant.

The motion to withdraw (Doc. # 26) filed by counsel for Defendant A+ Construction was granted. The court, however, expressed concerns about the legal implications of A+ Construction's status as an unrepresented corporation. (Doc. # 27.) The court explained that a corporation cannot represent itself in Federal Court and directed A+ Construction to secure substitute counsel within twenty (20) days. The court urged attorney Keller to advise A+ Construction of the new discovery response deadlines and the deadline to retain new counsel, i.e., February 14, 2013 (*id*). However, Defendant A+ Construction has neither responded to the discovery nor retained new counsel.[1] Therefore, since January 25, 2013, A+ Construction, has been unrepresented by counsel.

---

[1] It also appears that Mr. Hildebran also did not appear for his duly noticed rescheduled deposition, nor has Defendant paid the monetary sanctions imposed by the court (Doc. # 29 at 2-3).

Plaintiff's motion seeks to have Defendant A+ Construction's answer stricken and that a default judgment be entered. (Doc. # 29 at 5-6.)

## II. ANALYSIS

Defendant and its representative have seemingly demonstrated no interest in complying with the discovery orders of this court. Defendant has failed to respond to requests to produce and adequately answer interrogatories, nor has Defendant paid the sanctions this court assessed. Defendant A+ Construction failed to respond to Plaintiff's Motion to Compel/Motion for Sanctions (Doc. # 29).

Plaintiff seeks to have the severe sanction of striking Defendant's answer as it authorized by Fed. R. Civ. P. 27(b)(2)(A)(iii). This sanction is justified and appropriate under the circumstances. *Smith & Fuller, P.A. v. Cooper Tire and Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

Even if the Defendant's discovery abuses did not justify the sanction Plaintiff seeks, the failure to secure counsel to represent corporate Defendant A+ Construction provides grounds for striking Defendant's answer. Individual parties may represent themselves *pro se* in federal courts. 28 U.S.C. § 1654. But "[i]t is a longstanding rule that corporations . . . must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (internal quotations omitted); *see In re Highly*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law."); *HDR Ins. Managers, supra,* at *1 (same). In fact, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).

Here, A+ Construction has been unrepresented by counsel in this matter since January 25, 2013. At the January 25, 2013 hearing the Court advised Defendant of the legal consequences of being unrepresented by counsel. As of today, A+ Construction is still unrepresented by counsel. Accordingly, the court also finds it is appropriate to recommend that A+ Construction's Answer and Affirmative Defenses (Doc. # 9) should be stricken by reason of Defendant's failure to secure counsel.

Plaintiff additionally seeks entry of a "default judgment" (Doc. # 29 at 6). A default judgment must be preceded by the clerk's entry of Default. Fed. R. Civ. P. 55(a); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2nd Cir. 2011). If Defendant's answer is stricken herein,

3

Plaintiff should seek clerk's entry of default and thereafter seek the entry of judgment upon that default. (*Id.*) Entry of a default judgment at this juncture would not be appropriate.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **STRIKING** A+ Construction's Answer and Affirmative Defenses (Doc. # 9) but denying Plaintiff's request for entry of a default judgment.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: March 19, 2013.

_____
UNITED STATES MAGISTRATE JUDGE