1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9

10   AMERICAN NATIONAL PROPERTY AND        Case No. 3:12-cv-00255-MMD-WGC
     CASUALTY COMPANY,
11                                                         ORDER
                             Plaintiff,
12                                          (Motion to Strike Answer – dkt. no. 28;
13        v.                                Motion to Compel/Motion for Sanctions –
                                            dkt. no. 29; Report and Recommendation –
14   A+ CONSTRUCTION, INC., dba             dkt. no. 30; Motion for Summary Judgment
     PAVERSCAPES; SILVERSTAR                        – dkt. no. 31)
15   ASSOCIATES, INC., dba SILVERSTAR
     COMMUNITIES AND SILVERSTAR
16   DEVELOPMENT,

17                           Defendants.

18

19   I.    SUMMARY

20         Pending before the Court is Plaintiff American National Property and Casualty

21   Company's ("ANPAC"): (1) Motion to Strike Answer of Defendant A+ Construction, Inc.,

22   dba Paverscapes ("A+ Construction") (dk.t no. 28); (2) Motion to Compel/Motion for

23   Sanctions against Defendant A+ Construction (dkt. no. 29); and (3) Motion for Summary

24   Judgment (dkt. no. 31). Also pending is Magistrate Judge Cobb's Report and

25   Recommendation ("R&R") recommending the Court strike Answer and Affirmative

26   Defenses of Defendant A+ Construction (dkt. no. 30).

27         For the reasons discussed below, Plaintiff's Motion for Summary Judgment (dkt.

28   no. 31) is granted as to claims asserted against Defendant A+ Construction and

Plaintiff's other pending motions are denied as moot. As it relates to moot motions, Judge Cobb's R&R is rejected.

## II.    BACKGROUND

On May 10, 2012, Plaintiff filed a Complaint for declaratory relief against Defendants A+ Construction and Silverstar Associates, Inc., dba Silverstar Communities and Silverstar Development ("Silverstar"). (Dkt. no. 1.) Plaintiff seeks a declaration that insurance policies issued to A+ Construction do not cover A+ Construction and Silverstar for claims arising out of A+ Construction's work on a housing project (the "Renaissance Project"). Silverstar filed an Answer and asserted cross-claims against A+ Construction. (Dkt. no. 7.) A+ Construction filed an Answer to the Complaint on June 21, 2012. (Dkt. no. 9.)

On January 24, 2013, A+ Construction's attorney moved to withdraw (dkt. no. 26) and that motion was granted the next day (dkt. no. 27). A+ Construction was given twenty (20) days to secure counsel. Since then, A+ Construction has not been in contact with the Court. Plaintiff filed two motions (dkt. nos. 28, 29) seeking to strike A+ Construction's Answer due to A+ Construction's failure to secure counsel and alleged failure to respond to Plaintiff's communications. Judge Cobb entered an R&R recommending the Court strike A+ Construction's Answer. (Dkt. no. 30.)

Plaintiff moved for summary judgment on April 15, 2013 (dkt. no. 31) and Silverstar filed a limited opposition (dkt. no. 33.) The deadline for A+ Construction's opposition was May 9, 2013. A+ Construction has yet to file an opposition to Plaintiff's motion.

After briefing on the Motion for Summary Judgment was complete, the Court entered an order on a Stipulation for Declaratory Judgment as to Silverstar. (Dkt. no. 38.)

## III.   LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings,

1   the discovery and disclosure materials on file, and any affidavits show there is no
2   genuine issue as to any material fact and that the movant is entitled to judgment as a
3   matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330
4   (1986). In evaluating a summary judgment motion, a court views all facts and draws all
5   inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v.*
6   *Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir.1986). Failure to file points and
7   authorities in opposition to a motion constitutes consent that the motion be granted.  L.R.
8   7-2(d); *see also Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev.
9   1989).

10   **IV.   DISCUSSION**

11          Plaintiff argues that the applicable policies provide no coverage for Defendants for
12   claims arising out of the Renaissance Project because: (1) the claims were not initiated
13   by any "occurrence" as defined in the policies; (2) the housing defects involve A+
14   Construction's own work, which is not covered by the policies; (3) the damages and
15   occurrence manifested before the inception of the policies; and (4) the policies involve
16   an exclusion for multi-tract or unit housing. (Dkt. no. 31.) In light of Plaintiff's arguments
17   and Defendant A+ Construction's failure to file an opposition, the Court grants
18   Defendant's unopposed Motion for Summary Judgment as to claims against A+
19   Construction.

20          The Stipulation for Declaratory Judgment against Silverstar resolves all pending
21   claims Plaintiff asserts against Silverstar. Further, as Silverstar points out in its limited
22   opposition, Silverstar is no longer pursuing any relief against A+ Construction.

23   **V.   CONCLUSION**

24          IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (dkt. no.
25   31) is GRANTED as to claims brought against Defendant A+ Construction.

26          IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (dkt.
27   no. 31) is DENIED as moot as to claims brought against Defendant Silverstar.

28   ///

IT IS FURTHER ORDERED that Magistrate Judge's Report and Recommendation to Strike Answer of A+ Construction (dkt. no. 33) is REJECTED as moot, and Plaintiff's Motion to Strike Answer of A+ Construction (dkt. no. 28) and Motion to Compel/Motion for Sanctions (dkt. no. 29) are DENIED as moot.

The Clerk is directed to close this case.

ENTERED THIS 4th day of September 2013

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE